Matthews, J.
This cause comes on to be heard upon the motion to quash the service by publication. The record shows that a bond signed by the defendant and a surety, was given under favor of Section 11844, General Code, in double the amount of the plaintiff’s claim that the defendant would perform the judgment, which was approved by one of the judges of this court; and, thereupon, the sheriff returned the writ of attachment without making any levy. Notwithstanding the giving of this bond the defendant had the right to move to discharge the attachment. Edwards Company v. Goldstein, 80 O. S., 303; The Leavitt & Millroy Co. v. Rosenberg Co., 83 O. S., 230.
*455 The motion to discharge the attachment was made, and on hearing was overruled by another judge of this court.
The motion to quash the service by publication is urged strongly on the ground that as no levy was made under the writ of attachment, the court acquired no jurisdiction over any property and therefore no constructive service would be of avail.
By Section 11292, General Code, service by publication may be made:
“In an action in which it is sought by a provisional remedy to take or to appropriate in any way the property of the defendant, when defendant * * * is a foreign corporation” etc.
The provisional remedy by attachment against foreign corporations is limited by Section 11819, General Code, to such as have failed to comply with the laws of this state imposing conditions upon the right of foreign corporations to do business in this state.
Now Section 11292, supra,, makes no provision for actual levy or seizure of the property as a condition to service by publication. Whatever condition there is results from limitations upon the jurisdiction of the court itself, and the only limitation, so far as this case against a non-resident makes it necessary to notice the subject, is the requirement that there be a res within the territorial jurisdiction of the court against which it can enforce its judgment or finding, it being manifest that under the constitution no personal judgment can be rendered.
It is urged that this bond was given before a levy was made and that it was unauthorized by law and that therefore no res or a bond as its substitute exists, and as a result nothing is within the jurisdiction of the court. The language of Section 11844 does not limit the time of giving the bond to a date subsequent to a levy, and it has not been so construed. In the case of Hartwell v. Smith, 15 O. S. 200, it was held, as stated in the syllabus, that:
“Under Sections 212 and 213 of the code, an undertaking for the discharge of an attachment in a civil action, may be executed, in vacation, in the presence of the sheriff, while *456 the order of attachment remains in his hands, either before or after a levy upon property under the writ.”
At page 207 the court considers the language of Sections 212 and 213, which are now Sections 11844, 11845 and 11846, and says:
“It is claimed in argument that the attachment bond in this case is invalid, because taken by the sheriff before a levy upon property, and therefore unauthorized. But a reference to Sections 212 and 213 of the code will show that this point can not be maintained. Those code sections provide a mode for the discharge, not merely of property actually levied upon, but of the attachment itself; and this may be effected, at any time, before judgment, by a proper undertaking which, in vacation, and while the order of attachment remains ünreturned in the hands of the sheriff, may be executed in the presence of that officer.”
It seems to me clear that the bond takes the place of the property that would have been seized under the attachment that was discharged by it and so intended by the defendant in giving it. In Edwards Co. v. Goldstein, supra, at page 308 the court says:
“It is said that a bond given under either section takes the place of the attached property. The proposition is justified by the reasons involved, as well as by the language of the court in the well considered cases.”
Indeed, reason would seem to dictate that a bond given under such circumstances would also constitute a general appearance. The preponderant rule is to that effect. See note to case of American Surety Co. V. Stebbins, L. R. A. (N. S.) 1916, F. 587. The plaintiff, however, is not relying on that appearance and is publishing notice to the defendant. The defendant cannot complain at this time that the plaintiff is taking that extra precaution to clothe the court with jurisdiction.
For these reasons the motion is overruled.